**FILED**

JAMES J. WALDRON, CLERK

**JUN 2 1 2005**

U.S. BANKRUPTCY COURT
TRENTON, N.J.

BY_____DEPUTY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:

(Debtor)

CASE NO.: _05-28915-RTL_

JUDGE: _Lyons_

CHAPTER: 13

## CHAPTER 13 PLAN AND MOTIONS

__✓__ Original    ____ Modified/ Notice Required    ____ Modified/No Notice Required.

Date: _6   9   2005_

THE DEBTOR HAS FILED FOR RELIEF UNDER CHAPTER 13
OF THE BANKRUPTCY CODE.

### YOUR RIGHTS WILL BE AFFECTED.

You should have received from the court a separate Notice of the Hearing on Confirmation of Plan, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

1.   **PAYMENT AND LENGTH OF PLAN**

a. The Debtor shall pay $ _50_ per _Month_ to the Chapter 13 Trustee, starting on _July 1, 2005_ for approximately _36_ months.

b. The Debtor shall make plan payments to the Trustee from the following sources:

__✓__ Future Earnings

__✓__ Other sources of funding (describe source, amount and date when funds are available)
_Proceeds from Sale of 709 Pennington Ave (30 to 60 days)_

__✓__ Sale or refinance of the following assets on or before _8/31/05_
_709 Pennington Ave_

2.    **PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES)**

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|----------|------------------|-------------------|
| Equity One | Mortgage | $187,000 — |

3.    **SECURED CLAIMS**

   a. **Curing Default and Maintaining Payments**

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|----------|---------------------------|-----------|----------------------------|------------------------------------------|----------------------------------------|
| GMAC mortgage | 405 Smith.crossDr | $0.00 | | $0.00 | $800 — |
| Yardville Bank | " " | $0.00 | | $0.00 | $450 — |

   b. **Modification**

1.) The Debtor values collateral as indicated below.  If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated.  The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim.  If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|----------|-----------|----------------|------------------------|----------------|------------------------------------------|----------------------|-------------------------|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

c. **Surrender**

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|---------------------------------|--------------------------|
| N/A |  |  |  |

d. **Secured Claims Unaffected by the Plan**

The following secured claims are unaffected by the Plan:

N/A

4. **UNSECURED CLAIMS**

a. **Not separately classified**   Allowed non-priority unsecured claims shall be paid:

_____ Not less than $_____ to be distributed *pro rata*

_____ Not less than _____ percent

✓ Pro rata distribution from any remaining funds

b. **Separately Classified Unsecured Claims** shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|
|  |  |  |  |

5.    <u>EXECUTORY CONTRACTS AND UNEXPIRED LEASES</u>

All executory contracts and unexpired leases are rejected, **except** the following, which are **assumed**:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| *Equity One* | *Hudson & Ruth Smith Contract of Sale for purchase of 709 Pennington Avenue* | *Proceeds to be used to pay creditor in full & all other obligations of the Plan* |

6.    <u>MOTIONS</u>

## NOTE: All Plans including motions must be served separately in accordance with D.N.J. LBR 3015-1

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. **Motion to Void Liens and Reclassify Claim from Secured to Completely Unsecured.** The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
|  |  |  |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 3 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|----------|-----------|-----------------------------|----------------------------------------|
|          |           |                             |                                        |

7.   **OTHER PLAN PROVISIONS**

a. **Vesting of Property of the Estate** Property of the Estate shall revest in the Debtor:

_____ Upon Confirmation

___✓___ Upon Discharge

b. **Payment Notices** Creditors and Lessors provided for in Sections 3 , 5 or 6 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution** The Trustee shall pay allowed claims in the following order:

1) Trustee Commissions

2) _Secured Creditors_

3) _Unsecured Creditors_

4) _____

5) _____

d. **Post-petition claims** The Trustee ~~is~~ _✓_ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Date _____        _____
                                     Attorney for the Debtor

I hereby certify that the factual statements included in this plan are true. I am aware that if any of the factual statements made by me are willfully false, I am subject to punishment.

Date _6/21/05_        _____
                      Debtor

Date _____        _____
                                     Joint Debtor (if any)

*Last revised 2/20/04 jml*